IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SEDANO, ) | |
| ) | 2:10-cv-03441-GEB-EFB |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER DISMISSING PLAINTIFF'S |
| ) | FEDERAL CLAIM, DECLINING |
| MASTER PLASTICS, INC. and DOES 1 ) | SUPPLEMENTAL JURISDICTION |
| through 50, inclusive, ) | OVER STATE CLAIMS, AND |
| ) | DENYING REQUEST FOR |
| Defendants. ) | ATTORNEYS' FEES* |
| _____ ) | |

Plaintiff moves for an order remanding this case to the Superior Court of California in the County of Solano, from which this case was removed. Plaintiff argues removal was improper since the federal court lacks subject matter jurisdiction over his Complaint. Defendant Master Plastics, Inc. ("Master Plastics") opposes Plaintiff's motion.

Master Plastics relies only on Plaintiff's second claim in its Notice of Removal as the basis of its contention that federal question jurisdiction exists under 28 U.S.C. § 1331. Specifically, Master

---

\* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  Plastics argues in its Notice of Removal that this Court has
2  jurisdiction since Plaintiff "alleges that Defendant failed to provide
3  reasonable accommodation in violation of the federal Americans with
4  Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq." (Notice of Removal
5  ¶ 1.)
6  　　　　　Plaintiff argues he "does not plead a single claim under
7  federal law." (Mot. for Remand 5:25.) However, Plaintiff's second claim
8  is titled: "FAILURE TO PROVIDE REASONABLE ACCOMMODATION FAIR EMPLOYMENT
9  AND HOUSING ACT AND AMERICANS WITH DISABILITIES ACT OF 1990[.]" (Compl.
10 9:16-18.) Plaintiff does not allege facts under the ADA in the body of
11 this claim, but he does request attorneys' fees "as provided by Cal.
12 Govt. Code § 12965(b) and the ADA." Id. 11:9. Plaintiff argues "[b]oth
13 references to the ADA are mere artifacts from a master form used in the
14 creation of the subject complaint; artifacts that were overlooked during
15 the editing process." (Mot. for Remand 6:9-11.) Since Plaintiff argues
16 he did not intend to allege an ADA claim, to the extent Plaintiff's
17 second claim could be construed as alleging an ADA claim, the portion of
18 Plaintiff's second claim in which Plaintiff alleges an ADA claim is
19 dismissed.
20 　　　　　Since no federal claim is involved in this case, the Court
21 will not continue exercising supplemental jurisdiction over Plaintiff's
22 remaining state claims. Therefore, Plaintiff's remaining state claims
23 are remanded to the Superior Court of California in the County of
24 Solano.
25 　　　　　Plaintiff also argues he is entitled to attorneys' fees under
26 28 U.S.C. § 1447(c), premising the request on Master Plastics' alleged
27 improper removal. (Mot. to Remand 8:1-2.) "[T]he standard for awarding
28 fees should turn on the reasonableness of the removal. Absent unusual

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). Here, Defendant's removal was objectively reasonable, since Plaintiff indicated he was pleading an ADA claim. Therefore, Plaintiff's request for attorneys' fees is denied.

Dated: January 31, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge